FILED

2008 JUN 18  PH 1: 17

CLERK U. DISTRICT COURT
CENTRAL DIST. C. CALIF.
LOS ANGELES

BY_____

LINDSAY E. GOINES (SBN 238998)
lgoines@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, California 94104-1036
Telephone:    415-765-9500
Facsimile:    415-765-9501

Attorneys for Defendants AMERICAN MULTI-
CINEMA, INC. and EPT DOWNREIT II, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MARTHA RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MULTI-CINEMA, INC., A Missouri Corporation; EPT DOWNREIT II, INC., A Missouri Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  **CV08 - 03996 GHK (AGRx)**<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441**<br><br>(Los Angeles Superior Court Case 08E05356)<br><br>[Certification of Service of Notice to Adverse Party of Removal to Federal Court, Civil Cover Sheet, and Certification as to Interested Parties Filed Concurrently] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants American Multi-Cinema, Inc. and EPT Downreit II, Inc. hereby remove to this Court the state action described below, and respectfully shows the Court as follows:

1.      On May 5, 2008, an action was commenced in the Superior Court for the State of California in and for the County of Los Angeles entitled *Russell vs. American Multi-Cinema, Inc.; EPT Downreit II, Inc., and Does 1 through 100*, bearing case number 08E05356 (the "State Action").

BY FAX

2.     As explained below, the State Action is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b), in that it is a civil action involving a federal question.  Removal is also proper because the State Action is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

3.     Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading, setting forth the claim for relief upon which such action or proceeding is based."

4.     Plaintiff purports to have served the initial pleading on Defendant American Multi-Cinema, Inc. ("AMC") and Defendant EPT Downreit II, Inc. ("EPT") on May 19, 2008.  Defendants AMC and EPT deny that service was proper and reserve all rights, including, without limitation, all rights under Federal Rule of Civil Procedure 12(b)(5).  In an abundance of caution, however, Defendants AMC and EPT file this timely Notice of Removal while reserving their rights to challenge the sufficiency of service of process at the appropriate time.

5.     Venue lies in the United States District Court for the Central District of California because the State Action was filed by Plaintiff, and is now pending, in this judicial district.  *See* 28 U.S.C. § 1446(a).

6.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants, which papers include the Summons and Complaint, are attached hereto as Exhibit A.  Attached hereto as Exhibit B is a copy of Plaintiff's purported "proofs of service" of summons on Defendants.  Defendants filed and served upon Plaintiff their Answer to the Complaint in the State Action on June 18, 2008.  Attached hereto as Exhibit C is a copy of Defendants' Answer in the State Action filed and served upon Plaintiff on June 18, 2008.

7.     This action is a civil action of which this Court has jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant

to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action based on a claim or alleged right arising under the laws of the United States. Specifically, Plaintiff asserts claims arising under the laws of the United States in that she asserts claims under the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. Accordingly, the Court possesses federal question original subject matter jurisdiction.

8.      Furthermore, subject matter jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1441(c).

9.      This action is also a civil action of which this Court has jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants AMC and EPT pursuant to the provisions of 28 U.S.C. § 1441(b). More specifically, as required by 28 U.S.C. § 1332, the parties in this case are citizens of different states[1], and Defendants AMC and EPT aver for the purpose of this Notice only, that based upon Plaintiff's allegations, the amount in controversy exceeds $75,000, exclusive of interests and costs.[2]

10.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the clerk of the Superior Court for the State of California in and for the County of Los Angeles.

---

[1] Plaintiff contends in the caption of the Complaint as well as in paragraph 1 thereof that plaintiff Martha Russell is a California resident. Defendant AMC is, and was at the time Plaintiff commenced the State Action, a corporation incorporated in the State of Missouri, with its principal place of business located in the State of Missouri. Defendant EPT is, and was at the time Plaintiff commenced the State Action, a corporation incorporated in the State of Missouri, with its principal place of business located in the State of Missouri.

[2] Plaintiff pleads that she seeks injunctive relief regarding the subject Motion Picture Cineplex in Woodland Hills, California. *See* Complaint at ¶ 8; *see also* Civil Case Cover Sheet at ¶ 3. Plaintiff seeks, *inter alia*, injunctive relief requiring Defendants to bring the subject Motion Picture Complex "into compliance" and distributing accessible seating throughout the theater, and statutory and punitive damages. *See* Complaint at § § 8-9, Prayer for Relief; *see also* Civil Case Cover Sheet at § 3. On information and belief, the cost of retrofitting to comply with the injunctive relief sought, as well as statutory and punitive damages, exceeds $75,000.

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441                              CASE NO. _____

1      WHEREFORE, Defendants AMC and EPT respectfully remove the State Action

2  from the Superior Court of California in and for the County of Los Angeles, bearing

3  case number 08E05356, to this Court pursuant to 28 U.S.C. § 1441.

4  Dated:  June 18, 2008                    AKIN GUMP STRAUSS HAUER &
                                            FELD LLP
5

6                                           By _____
                                                     Lindsay E. Goines
7

8                                           Attorneys for Defendants AMERICAN
                                            MULTI-CINEMA, INC. and EPT
9                                           DOWNREIT II, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441                    CASE NO. _____

AMENDED
PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500, San Francisco, CA 94104. On June 18, 2008, I served the foregoing document(s) described as: **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441** on the interested party(ies) below, using the following means:

Mark D. Potter
Center for Disability Access, LLP
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069

Clerk of the Court
Los Angeles County Superior Court
Van Nuys Courthouse East
6230 Sylmar Avenue
Van Nuys, CA 91401

☒ BY PERSONAL SERVICE  I delivered such envelope(s) by hand to the offices of the addressee(s).

☐ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 18, 2008 at San Francisco, California.

Stephanie R. Willis
[Print Name of Person Executing Proof]

_____
[Signature]

6252632

5

NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441                    CASE NO. _____

**EXHIBIT A**

*5-19-08  @ 1:45*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN MULTI-CINEMA, INC., A Missouri Corporation; EPT
DOWNREIT II, INC., A Missouri Corporation, and DOES 1 through
100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTHA RUSSELL

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL FILED**
LOS ANGELES SUPERIOR COURT

MAY 0 5 2008

John A. Clarke, Clerk
BY A. KHARATIAN, DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Van Nuys Courthouse East
6230 Sylmar Ave
Van Nuys, CA 91401

**CASE NUMBER:**
*(Número del Caso):*
08 E05356

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark D. Potter / Russell C. Handy
Center for Disability Access, LLP
100 East San Marcos Blvd Suite 400
San Marcos, CA 92069          (760)480-4162

DATE:                          JOHN A. CLARKE          A. KHARATIAN          , Deputy
*(Fecha)*  MAY 0 5 2008        Clerk, by                                    *(Adjunto)*
                               *(Secretario)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* *American Multi-Cinema, Inc., A Missouri Corporation*
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

CENTER FOR DISABILITY ACCESS, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162
Fax (760) 480-4170

Attorney for Plaintiff, MARTHA RUSSELL

**ORIGINAL FILED**
LOS ANGELES SUPERIOR COURT

MAY 0 5 2008

John A. Clarke, Clerk
BY A. KHARATIAN, DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

MARTHA RUSSELL,

　　　　Plaintiff,

v.

AMERICAN MULTI-CINEMA, INC., A
Missouri Corporation; EPT DOWNREIT
II, INC., A Missouri Corporation, and
DOES 1 through 100, inclusive

　　　　Defendants.

Case No.: **08 E 05356**

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR
VIOLATIONS OF: AMERICAN'S
WITH DISABILITIES ACT; UNRUH
CIVIL RIGHTS ACT; CALIFORNIA
DISABLED PERSONS ACT;
NEGLIGENCE**

**DEMAND FOR JURY**

LIMITED CIVIL CASE, DEMAND NOT
TO EXCEED $10,000

　　　Plaintiff MARTHA RUSSELL complains of Defendants AMERICAN MULTI-
CINEMA, INC., A Missouri Corporation; EPT DOWNREIT II, INC., A Missouri
Corporation, and DOES 1 through 100, inclusive, (hereinafter referred to as
"Defendants") and alleges as follows:

**PARTIES:**

　　　1. Plaintiff is a California resident with physical disabilities. She suffers from
Cerebral Palsy. She can't walk and uses a power wheelchair for mobility and requires a
service dog that assists her to get up, helps to open door, and helps to lower her blood

-1-

Complaint

1   pressure.

2       **2.** Defendants are or were at the time of the incident the owners and operators
3   and/or lessors and lessees of the Motion Picture Cineplex at 21801 Oxnard Street,
4   Woodland Hills, California.

5       **3.** Plaintiff does not know the true names of Defendants, their business
6   capacities, their ownership connection to the property and business, or their relative
7   responsibilities in causing the access violations herein complained of, and alleges a
8   joint venture and common enterprise by all such Defendants. Plaintiff is informed and
9   believes that each of the Defendants herein, including DOES 1 through 100, inclusive,
10  is responsible in some capacity for the events herein alleged, or is a necessary party for
11  obtaining appropriate relief. Plaintiff will seek leave to amend when the true names,
12  capacities, connections, and responsibilities of the Defendants and DOES 1 through
13  100, inclusive, are ascertained.

14  **FACTUAL ALLEGATIONS:**

15      **4.** The Motion Picture Cineplex is a facility open to the public, a place of public
16  accommodation, and a business establishment.

17      **5.** The Plaintiff patronized the theatre with friends on February 12, 2008.

18      **6.** Unfortunately, the Motion Picture Cineplex presented barriers to persons in
19  wheelchairs, violations of the Americans with Disabilities Act Accessibility Guidelines
20  ("ADAAG") and Title 24 of the California Code of Regulations, including, but not
21  limited to, the accessible seating in the theatre was located only at the extreme edges of
22  the first room, where the picture was distorted, and did not have the same line of sight
23  as for patrons without disabilities, and the accessible seating was not distributed in
24  other areas of the theatre. The location of the accessible seating meant that the
25  Plaintiff's friends who accompanied her to the Cineplex were not able to sit with her
26  during the motion picture.

27      **7.** Naturally, Plaintiff RUSSELL was frustrated, angry and/or vexed as a result
28  of encountering these conditions, these violations of her civil rights, and the lack of

safe, convenient and accessible facilities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the continued violation of the Plaintiff's civil rights by these defendants and the highly unpleasant emotional distress caused by such unlawful treatment is attributable to the actions or inactions of the defendants and Plaintiff seeks redress from these defendants for such injury.

8. Plaintiff would like to return and patronize the Defendants' Motion Picture Cineplex but because of Plaintiff's knowledge of the existence of the inaccessible conditions, the Plaintiff is unable to use the Motion Picture Cineplex on a "full and equal" basis until the Motion Picture Cineplex is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein. Plaintiff has been and currently is being deterred from returning and patronizing the Defendants' Motion Picture Cineplex.

**I.    FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants) (42 U.S.C. 12101 et seq.)

9. The defendants are persons who either own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, the accessible seating in the theatre was located only at the extreme edges of the first room, where the picture was distorted, and did not have the same line of sight as for patrons without disabilities, and the accessible seating was not distributed in other areas of the theatre, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges

-3-

Complaint

and/or services to the plaintiff.

**II.     SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

10.  The defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment.  As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable."  The Defendants have failed to meet these obligations.  The Defendants intended the physical and architectural condition of its property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, the accessible seating in the theatre was located only at the extreme edges of the first room, where the picture was distorted, and did not have the same line of sight as for patrons without disabilities, and the accessible seating was not distributed in other areas of the theatre, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

11.  The acts alleged above, which form the basis of the plaintiff's discrimination claim, are intentional acts.

**III.    THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

12.  The defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public.  As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily

-4-

Complaint

achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, the accessible seating in the theatre was located only at the extreme edges of the first room, where the picture was distorted, and did not have the same line of sight as for patrons without disabilities, and the accessible seating was not distributed in other areas of the theatre, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

**IV.    FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

13. The defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the Plaintiff in the running of their Motion Picture Cineplex. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. **Note:** A Defendant cannot be held liable for damages under both the Unruh Civil Rights Act and the California Disabled Persons Act and the Plaintiff will make an election at trial depending upon the evidenced amassed.

2. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: April 30, 2008            CENTER FOR DISABILITY ACCESS, LLP

                                 By:_____
                                       MARK D. POTTER
                                       Attorneys for Plaintiff

-5-

Complaint

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: April 30, 2008

CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff

-6-

Complaint

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Mark D. Potter / Russell C. Handy    166317 / 195058
Center for Disability Access, LLP
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069
TELEPHONE NO: (760) 480-4162     FAX NO. (760) 480-4170
ATTORNEY FOR *(Name):* MARTHA RUSSELL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 6230 Sylmar Ave.
MAILING ADDRESS: 6230 Sylmar Ave.
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME:

**ORIGINAL FILED**
LOS ANGELES SUPERIOR COURT

MAY 0 5 2008

John A. Clarke, Clerk
BY A. KHARATIAN, DEPUTY

CASE NAME:
RUSSELL v. AMERICAN MULTI-CINEMA, INC., et al.

**08E05356**

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER |
|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☑ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE:  DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify):*  4 ADA; Unruh; CA Dis; Negl

5. This case ☐ is   ☑ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 04/30/08

Mark D. Potter
_____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

SHORT TITLE
RUSSELL v. AMERICAN MULTI-CINEMA, INC., et al.

CASE NUMBER
**08 E05356**

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓ YES   CLASS ACTION? ● YES   LIMITED CASE? ● YES   TIME ESTIMATED FOR TRIAL_____ ● HOURS/● DAYS.

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|
| 1. Class Actions must be filed in the County Courthouse, Central District. |
| 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage). |
| 3. Location where cause of action arose. |
| 4. Location where bodily injury, death or damage occurred. |
| 5. Location where performance required or defendant resides. |
| 6. Location of property or permanently garaged vehicle. |
| 7. Location where petitioner resides. |
| 8. Location wherein defendant/respondent functions wholly. |
| 9. Location where one or more of the parties reside. |
| 10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ● ●A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ●●●● ●A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ● ●A6070  Asbestos Property Damage | 2. |
| | | ● ●A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ● ●A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ● ●A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ● ●A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ● ●A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ● ●A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ● ●A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ● ●A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ● ●A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ✓ ●A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ● ●A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ● ●A6013  Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ● ●A6016  Intellectual Property | 2., 3. |

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

SHORT TITLE:
RUSSELL v. AMERICAN MULTI-CINEMA, INC., et al.

CASE NUMBER

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Professional Negligence (25)** | • °A6017  Legal Malpractice<br>• °A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| **Other (35)** | • °A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Wrongful Termination (36)** | • °A6037  Wrongful Termination | 1., 2., 3. |
| **Other Employment (15)** | • °A6024  Other Employment Complaint Case<br>• °A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Breach of Contract/ Warranty (06) (not insurance)** | • °A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>• °A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>• °A6019  Negligent Breach of Contract/Warranty (no fraud)<br>• °A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| **Collections (09)** | • °A6002  Collections Case-Seller Plaintiff<br>• °A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| **Insurance Coverage (18)** | • °A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| **Other Contract (37)** | • °A6009  Contractual Fraud<br>• °A6031  Tortious Interference<br>• °A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Eminent Domain/Inverse Condemnation (14)** | • °A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| **Wrongful Eviction (33)** | • °A6023  Wrongful Eviction Case | 2., 6 |
| **Other Real Property (26)** | • °A6018  Mortgage Foreclosure<br>• °A6032  Quiet Title<br>• °A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer-Commercial (31)** | • °A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer-Residential (32)** | • °A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer-Drugs (38)** | • °A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Asset Forfeiture (05)** | • °A6108  Asset Forfeiture Case | 2., 6. |
| **Petition re Arbitration (11)** | • °A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

*Left margin vertical labels: Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Employment | Contract | Real Property | Unlawful Detainer | Judicial Review*

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| RUSSELL v. AMERICAN MULTI-CINEMA, INC., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | • *A6151   Writ - Administrative Mandamus<br>• *A6152   Writ - Mandamus on Limited Court Case Matter<br>• *A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | • *A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | • *A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | • *A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | • *A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | • *A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | • *A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | • *A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | • *A6141   Sister State Judgment<br>• *A6160   Abstract of Judgment<br>• *A6107   Confession of Judgment (non-domestic relations)<br>• *A6140   Administrative Agency Award (not unpaid taxes)<br>• *A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>• *A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | • *A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | • *A6030   Declaratory Relief Only<br>• *A6040   Injunctive Relief Only (not domestic/harassment)<br>• *A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>• *A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | • *A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | • *A6121   Civil Harassment<br>• *A6123   Workplace Harassment<br>• *A6124   Elder/Dependent Adult Abuse Case<br>• *A6190   Election Contest<br>• *A6110   Petition for Change of Name<br>• *A6170   Petition for Relief from Late Claim Law<br>• *A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

CIV 109 03-04<br>LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0<br>Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RUSSELL v. AMERICAN MULTI-CINEMA, INC., et al. | 08 E05356 |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 21801 Oxnard Street |
|---|---|
| • 1. • 2. • 3. • 4. • 5. • 6. • 7. • 8. ✓ 9. • 10. | |

| CITY: Woodland Hills | STATE: CA | ZIP CODE: 91367 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Los Angeles courthouse in the East District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 04/30/08

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form JC 982.2(b)(1).

4. Complete Addendum to Civil Case Cover Sheet form CIV 109 _____ (eff. Date).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

5-19-08 @ 2:45

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN MULTI-CINEMA, INC., A Missouri Corporation; EPT
DOWNREIT II, INC., A Missouri Corporation, and DOES 1 through
100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTHA RUSSELL

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ORIGINAL FILED**
LOS ANGELES SUPERIOR COURT

MAY 0 5 2008

John A. Clarke, Clerk
BY A. KHARATIAN, DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Van Nuys Courthouse East
6230 Sylmar Ave
Van Nuys, CA 91401

CASE NUMBER
*(Número del Caso):*
**0 E 05356**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark D. Potter / Russell C. Handy          100 East San Marcos Blvd Suite 400
Center for Disability Access, LLP          San Marcos, CA 92069          (760)480-4162

DATE:          MAY 0 5 2008          JOHN A. CLARKE          A. KHARATIAN          , Deputy
*(Fecha)*                          Clerk, by *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, *(POS-010)*).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

[SEAL]

3. [✓] on behalf of *(specify)*: EPT Downreit II, Inc., A Missouri Corporation
under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)          [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)          [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.  www.USCourtForms.com

CENTER FOR DISABILITY ACCESS, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162
Fax (760) 480-4170

Attorney for Plaintiff, MARTHA RUSSELL

**ORIGINAL FILED**
LOS ANGELES SUPERIOR COURT

MAY 0 5 2008

John A. Clarke, Clerk
BY A. KHARATIAN, DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARTHA RUSSELL,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN MULTI-CINEMA, INC., A Missouri Corporation; EPT DOWNREIT II, INC., A Missouri Corporation, and DOES 1 through 100, inclusive<br><br>Defendants. | Case No.: **08 E05356**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE<br><br>**DEMAND FOR JURY**<br><br>LIMITED CIVIL CASE, DEMAND NOT TO EXCEED $10.000 |

Plaintiff MARTHA RUSSELL complains of Defendants AMERICAN MULTI-CINEMA, INC., A Missouri Corporation; EPT DOWNREIT II, INC., A Missouri Corporation, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. She suffers from Cerebral Palsy. She can't walk and uses a power wheelchair for mobility and requires a service dog that assists her to get up, helps to open door, and helps to lower her blood

-1-

Complaint

1   pressure.

2      **2.** Defendants are or were at the time of the incident the owners and operators

3   and/or lessors and lessees of the Motion Picture Cineplex at 21801 Oxnard Street,

4   Woodland Hills, California.

5      **3.** Plaintiff does not know the true names of Defendants, their business

6   capacities, their ownership connection to the property and business, or their relative

7   responsibilities in causing the access violations herein complained of, and alleges a

8   joint venture and common enterprise by all such Defendants. Plaintiff is informed and

9   believes that each of the Defendants herein, including DOES 1 through 100, inclusive,

10  is responsible in some capacity for the events herein alleged, or is a necessary party for

11  obtaining appropriate relief. Plaintiff will seek leave to amend when the true names,

12  capacities, connections, and responsibilities of the Defendants and DOES 1 through

13  100, inclusive, are ascertained.

14  **FACTUAL ALLEGATIONS:**

15     **4.** The Motion Picture Cineplex is a facility open to the public, a place of public

16  accommodation, and a business establishment.

17     **5.** The Plaintiff patronized the theatre with friends on February 12, 2008.

18     **6.** Unfortunately, the Motion Picture Cineplex presented barriers to persons in

19  wheelchairs, violations of the Americans with Disabilities Act Accessibility Guidelines

20  ("ADAAG") and Title 24 of the California Code of Regulations, including, but not

21  limited to, the accessible seating in the theatre was located only at the extreme edges of

22  the first room, where the picture was distorted, and did not have the same line of sight

23  as for patrons without disabilities, and the accessible seating was not distributed in

24  other areas of the theatre. The location of the accessible seating meant that the

25  Plaintiff's friends who accompanied her to the Cineplex were not able to sit with her

26  during the motion picture.

27     **7.** Naturally, Plaintiff RUSSELL was frustrated, angry and/or vexed as a result

28  of encountering these conditions, these violations of her civil rights, and the lack of

1  safe, convenient and accessible facilities.  Although these injuries are modest in scope
2  and did not result in any loss of wages or economic damage or medical care or
3  attention, the continued violation of the Plaintiff's civil rights by these defendants and
4  the highly unpleasant emotional distress caused by such unlawful treatment is
5  attributable to the actions or inactions of the defendants and Plaintiff seeks redress from
6  these defendants for such injury.

7      **8.** Plaintiff would like to return and patronize the Defendants' Motion Picture
8  Cineplex but because of Plaintiff's knowledge of the existence of the inaccessible
9  conditions, the Plaintiff is unable to use the Motion Picture Cineplex on a "full and
10 equal" basis until the Motion Picture Cineplex is brought into compliance with the
11 provisions of the Americans with Disabilities Act Accessibility Guidelines and state
12 accessibility law as pled herein.  Plaintiff has been and currently is being deterred from
13 returning and patronizing the Defendants' Motion Picture Cineplex.

14 **I.    FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH
   DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants) (42
15 U.S.C. 12101 et seq.)

16     **9.** The defendants are persons who either own, operate, lease or lease to a place
17 of public accommodation.  As such, the Defendants are required to (1) ensure that all
18 construction, alteration, or modification is barrier free and complies with the Americans
19 with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the
20 California Code of Regulations (aka "California Building Code"); and/or (2) remove all
21 existing barriers where such removal is "readily achievable."  The Defendants have
22 failed to meet these obligations.  The existence of readily achievably removed barriers
23 and barriers in violation of the ADAAG and/or California Building Code, including,
24 but not limited to, the accessible seating in the theatre was located only at the extreme
25 edges of the first room, where the picture was distorted, and did not have the same line
26 of sight as for patrons without disabilities, and the accessible seating was not
27 distributed in other areas of the theatre, is unlawful and has resulted in the defendants'
28 failure to provide full and equal accommodations, advantages, facilities, privileges

and/or services to the plaintiff.

**II.    SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

10. The defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment.  As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable."  The Defendants have failed to meet these obligations.  The Defendants intended the physical and architectural condition of its property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, the accessible seating in the theatre was located only at the extreme edges of the first room, where the picture was distorted, and did not have the same line of sight as for patrons without disabilities, and the accessible seating was not distributed in other areas of the theatre, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

11. The acts alleged above, which form the basis of the plaintiff's discrimination claim, are intentional acts.

**III.    THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

12. The defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public.  As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily

-4-

Complaint

achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, the accessible seating in the theatre was located only at the extreme edges of the first room, where the picture was distorted, and did not have the same line of sight as for patrons without disabilities, and the accessible seating was not distributed in other areas of the theatre, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

**IV.   FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

**13.** The defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the Plaintiff in the running of their Motion Picture Cineplex. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

**1.** Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. **Note:** A Defendant cannot be held liable for damages under both the Unruh Civil Rights Act and the California Disabled Persons Act and the Plaintiff will make an election at trial depending upon the evidenced amassed.

**2.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: April 30, 2008             CENTER FOR DISABILITY ACCESS, LLP

By:_____
      MARK D. POTTER
      Attorneys for Plaintiff

Complaint

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: April 30, 2008          CENTER FOR DISABILITY ACCESS, LLP

By:_____
MARK D. POTTER
Attorneys for Plaintiff

-6-

Complaint

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Mark D. Potter / Russell C. Handy      166317 / 195058
Center for Disability Access, LLP
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069
TELEPHONE NO: (760) 480-4162      FAX NO: (760) 480-4170
ATTORNEY FOR *(Name):* MARTHA RUSSELL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 6230 Sylmar Ave.
MAILING ADDRESS: 6230 Sylmar Ave.
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME:

CASE NAME:
RUSSELL v. AMERICAN MULTI-CINEMA, INC., et al.

**FOR COURT USE ONLY**

**ORIGINAL FILED**
LOS ANGELES SUPERIOR COURT

MAY 0 5 2008

John A. Clarke, Clerk
BY A. KHARATIAN, DEPUTY

CASE NUMBER: **08 E 05356**

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| ☐ Unlimited  ☑ Limited | ☐ Counter   ☐ Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

JUDGE:

DEPT:

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 4 ADA; Unruh; CA Dis; Negl
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 04/30/08
Mark D. Potter
_____         ▶  _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

*American LegalNet, Inc.*
*www.FormsWorkflow.com*

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RUSSELL v. AMERICAN MULTI-CINEMA, INC., et al. | 08 E05356 |

### CIVIL CASE SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓ YES   CLASS ACTION? ● YES   LIMITED CASE? ● YES   TIME ESTIMATED FOR TRIAL_____ ● HOURS/● DAYS.

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ● A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ● A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ● A6070   Asbestos Property Damage | 2. |
| | | ● A7221   Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ● A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ● A7210   Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ● A7240   Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ● A7250   Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ● A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ● A7270   Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ● A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ● A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ✓ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ● A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ● A6013   Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ● A6016   Intellectual Property | 2., 3. |

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RUSSELL v. AMERICAN MULTI-CINEMA, INC., et al. | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/<br>Wrongful Death Tort (Cont'd.)** | Professional<br>Negligence<br>(25) | ● ●A6017   Legal Malpractice<br>● ●A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ● ● A6025   Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination<br>(36) | ● ●A6037   Wrongful Termination | 1., 2., 3. |
| | Other Employment<br>(15) | ● ●A6024   Other Employment Complaint Case<br>● ●A6109   Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ● ●A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>● ●A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>● ●A6019   Negligent Breach of Contract/Warranty (no fraud)<br>● ●A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections<br>(09) | ● ●A6002   Collections Case-Seller Plaintiff<br>● ●A6012   Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage<br>(18) | ● ●A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ● ●A6009   Contractual Fraud<br>● ●A6031   Tortious Interference<br>● ●A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent<br>Domain/Inverse<br>Condemnation (14) | ● ●A7300   Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction<br>(33) | ● ●A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ● ●A6018   Mortgage Foreclosure<br>● ●A6032   Quiet Title<br>● ●A6060   Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Judicial Review  Unlawful Detainer** | Unlawful Detainer-<br>Commercial (31) | ● ●A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Residential (32) | ● ●A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Drugs (38) | ● ●A6022   Unlawful Detainer-Drugs | 2., 6. |
| | Asset Forfeiture (05) | ● ●A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration<br>(11) | ● ●A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| RUSSELL v. AMERICAN MULTI-CINEMA, INC., et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | • A6151  Writ - Administrative Mandamus<br>• A6152  Writ - Mandamus on Limited Court Case Matter<br>• A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | • A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | • A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | • A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | • A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | • A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | • A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | • A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | • A6141  Sister State Judgment<br>• A6160  Abstract of Judgment<br>• A6107  Confession of Judgment (non-domestic relations)<br>• A6140  Administrative Agency Award (not unpaid taxes)<br>• A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>• A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | • A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | • A6030  Declaratory Relief Only<br>• A6040  Injunctive Relief Only (not domestic/harassment)<br>• A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>• A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | • A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | • A6121  Civil Harassment<br>• A6123  Workplace Harassment<br>• A6124  Elder/Dependent Adult Abuse Case<br>• A6190  Election Contest<br>• A6110  Petition for Change of Name<br>• A6170  Petition for Relief from Late Claim Law<br>• A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| RUSSELL v. AMERICAN MULTI-CINEMA, INC., et al. | 08 E05356 |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | ADDRESS:<br>21801 Oxnard Street |
|---|---|---|
| □ 1. □ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. ☑ 9. □ 10. | | |

| CITY:<br>Woodland Hills | STATE:<br>CA | ZIP CODE:<br>91367 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Los Angeles___ courthouse in the ___East___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: __04/30/08__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for Issuance by the Clerk.

3. Civil Case Cover Sheet form JC 982.2(b)(1).

4. Complete Addendum to Civil Case Cover Sheet form CIV 109 _____ (eff. Date).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

EXHIBIT B

# CT CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
05/20/2008
CT Log Number 513443985

**TO:** Craig L Evans
Stinson Morrison Hecker LLP
1201 Walnut St., Suite 2500
Kansas City, MO 64106

**RE:** **Process Served in California**

**FOR:** EPT DownReit II, Inc. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Martha Russell, Pltf. vs. American Multi-Cinema, Inc., etc., et al. including EPT Downreit II, Inc., etc., Dfts |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Cover Sheet Addendum, Demand fo r Jury Trial |
| **COURT/AGENCY:** | Los Angeles County, Van Nuys, Superior Court, CA<br>Case # 08E05256 |
| **NATURE OF ACTION:** | Violation of the American's with Disabilities Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/19/2008 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark D. Potter/Russell C. Handy<br>Center for Disability Access, LLP<br>100 East SanMarcos Blvd<br>Ste 400<br>San Marcos, CA 92069<br>760-480-4162 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 790510062158<br>Image SOP - Page(s): 13<br>Email Notification, Michael J. Rusche mjker@eprkc.com<br>Email Notification, Amy Lenk amyl@eprkc.com<br>Email Notification, JoLynne Zade jolynnez@eprkc.com<br>Email Notification, Craig L Evans cevans@stinsonmoheck.com<br>Email Notification, Suzanne Williams SCWILLIAMS@STINSON.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
05/20/2008
CT Log Number 513444012

TO: Kevin Connor
American Multi-Cinema Inc
920 Main Street, 14th Floor
Kansas City, MO 64105-

MAY 2 1 2008

RE: **Process Served in California**

FOR: American Multi-Cinema, Inc. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Martha Russell, Pltf. vs. American Multi-Cinema. Inc., etc., et al., Dfts |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Cover Sheet Addendum, Demand fo r Jury Trial |
| **COURT/AGENCY:** | Los Angeles County, Van Nuys, Superior Court, CA<br>Case # 08E05256 |
| **NATURE OF ACTION:** | Violation of the American's with Disabdabilities Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/19/2008 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark D. Potter/Russell C. Handy<br>Center for Disability Access, LLP<br>100 East SanMarcos Blvd<br>Ste 400<br>San Marcos, CA 92069<br>760-480-4162 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 791070342358<br>Email Notification, AMC Service of Process ct-sop@amctheatres.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / JK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT C**

1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   LINDSAY E. GOINES (SBN 238998)
2  580 California Street, Suite 1500
   San Francisco, California 94104-1036
3  Telephone:  415-765-9500
   Facsimile:   415-765-9501
4
   Attorneys for Defendants
5  AMERICAN MULTI-CINEMA, INC. and EPT
   DOWNREIT II, INC.
6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF LOS ANGELES

10

11  MARTHA RUSSELL,                          | Case No. 08E05356

12                     Plaintiff,

13        v.                                   **DEFENDANTS' ANSWER TO
                                               PLAINTIFF'S COMPLAINT**
14  AMERICAN MULTI-CINEMA, INC., A
    Missouri Corporation; EPT DOWNREIT II,    Date Action Filed:    May 5, 2008
15  INC., A Missouri Corporation, and DOES 1
    through 100, inclusive,
16
                       Defendants.
17

18        Defendants American Multi-Cinema, Inc., a Missouri corporation and EPT Downreit, Inc., a

19  Missouri corporation, answer Plaintiff Martha Russell's Complaint as follows:

20                              **GENERAL DENIAL**

21        Pursuant to the provisions of section 431.30(d) of the California Code of Civil Procedure,

22  Defendants deny, generally and specifically, each and every allegation of the Complaint and further

23  deny, generally and specifically, that Plaintiff is entitled to damages or to any other relief whatsoever

24  by reason of any act or omission on the part of Defendants, collectively or individually.

25                            **AFFIRMATIVE DEFENSES**

26                          **FIRST AFFIRMATIVE DEFENSE**

27        The Complaint, and each cause of action stated therein, fails to state a claim upon which relief

28  may be granted.

6253983                                      1

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing and/or capacity to assert some or all of the claims alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because said claims are preempted by the federal and/or state law, including, but not limited to, the Americans with Disabilities Act, 42 U.S.C. sections 12101, *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because Defendants have at all times relied in good faith upon, and acted in conformity with, the implementing standards and guidelines of Title III of the Americans with Disabilities Act and applicable state law and regulations, pronouncements from federal and state agencies, and state and local approvals. Accordingly, granting some or all of the relief sought by Plaintiff would violate due process under state and/or federal constitutions and public policy.

### FIFTH AFFIRMATIVE DEFENSE

The conduct of Defendants at all times complied with all applicable statutes, regulations, and laws. Accordingly, the Complaint and each purported claim for relief therein, are barred.

### SIXTH AFFIRMATIVE DEFENSE

The facility at issue in Plaintiff's Complaint does not have barriers to be removed, but even if there are barriers, they are not readily removable.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred to the extent Plaintiff requests relief that would, if granted, fundamentally alter the facility at issue in Plaintiff's Complaint and/or the nature of the goods and services Defendants provide.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred to the extent Plaintiff requests relief that is unreasonable, not readily achievable, and/or structurally infeasible.

### NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred to the extent Plaintiff requests relief that would be

an undue burden on Defendants.

## TENTH AFFIRMATIVE DEFENSE

Defendants were not provided with notice of the allegedly non-compliant condition(s) at any time prior to the filing and service of this lawsuit, and therefore had no opportunity to investigate and/or remediate any allegedly non-compliant condition(s).

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because they are predicated on unconstitutionally vague and/or overbroad interpretations of regulations or laws; alternatively, the applicable regulations or laws themselves are unconstitutionally vague and/or overbroad.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exercise reasonable care, caution, and prudence in her own actions and inactions and, therefore, any damages actually sustained by Plaintiff, which damages are specifically denied, have been proximately cause or contributed by Plaintiff's own actions and negligence. Plaintiff's recovery from Defendants, if any, must therefore be reduced by the amount of such negligence or fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, equitable estoppel, and/or laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims and damages, if any, are barred because Plaintiff failed to mitigate her damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Although Defendants deny that Plaintiff has been damaged in any way, if it is determined that Plaintiff has been damaged, then pursuant to Civil Code sections 1431.2, *et seq.*, Defendants are not liable for any non-economic damages that are not directly proportional to Defendants' percentage of fault, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts sufficient to entitle Plaintiff to recover attorneys' fees or

punitive damages against Defendants.  Defendants' actions, with respect to the subject matter of this lawsuit, were undertaken in good faith, with the absence of malicious intent, and constituted a privileged, lawful, proper, and justified means to further the sole purpose of Defendants to engage and continue their business.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every purported claim for relief therein, are vague, uncertain, and ambiguous.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint asserts claims for relief that are duplicative and based upon the same alleged facts, and Plaintiff is precluded from recovering damages on duplicative claims for relief.

### NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims should be abated or stayed to the extent that another previously-filed lawsuit is pending against Defendant American Multi-Cinema, Inc., involving the same claims or substantially similar claims.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiff is entitled to any damages, the damages may not exceed the nature of damages, or amount of damages, imposed by statutory or common law limitations and caps contained in the applicable federal and state law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If relief is granted, it should be granted prospectively only.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Granted some or all of the relief Plaintiff requests would be inequitable and would violate due process under state and/or federal constitutions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Granted some or all of the relief Plaintiff requests would violation the Administrative Procedure Act.

Defendants may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize her claims, the fact that Defendants do not have copies of documents bearing on

6253983

4

Plaintiff's alleged claims, and because Plaintiff has failed to provide any specific information concerning the basis of the claims, the nature of the purported damages, and claims for costs as to which Plaintiff alleges Defendants are responsible.  Defendants therefore reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, and upon discovery of further information concerning the alleged damage claims and claims for costs and upon the development of other pertinent information.

WHEREFORE, Defendants pray for judgment as follows:

1.      That all relief requested in the Complaint be denied;

2.      That plaintiff takes nothing by virtue of this action;

3.      For costs of suit and attorneys' fees incurred herein; and

4.      For such other and further relief as the Court may deem proper.

Dated:  June 17, 2008                    **AKIN GUMP STRAUSS HAUER & FELD LLP**

By _____
            Lindsay E. Goines

Attorneys for and AMERICAN MULTI-CINEMA, INC. and EPT DOWNREIT II, INC.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  580 California Street, Suite 1500, San Francisco, CA  94104.  On June 17, 2008, I served the foregoing document(s) described as: **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** on the interested party(ies) below, using the following means:

Mark D. Potter
Center for Disability Access, LLP
100 East San Marcos Blvd., Suite 400
San Marcos, CA  92069

☒ BY PERSONAL SERVICE   I delivered such envelope(s) by hand to the offices of the addressee(s).

☐ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☐ BY OVERNIGHT DELIVERY   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE   I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX   Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission(s), which I printed out, is attached.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (STATE)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 17, 2008 at San Francisco, California.

Stephanie R. Willis
[Print Name of Person Executing Proof]

[Signature]

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT